**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Sheldon Campbell,** | ) | **CASE NO. 1:26 CV 2504** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **AS AMERICA, Inc.,** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. 4.) This is a breach of contract case. For the reasons that follow, Plaintiff's Motion to Remand is GRANTED.

## BACKGROUND

On August 24, 2026, plaintiff Sheldon Campbell ("Plaintiff") filed an action in the Ohio Court of Common Pleas, Richland County, alleging a state-law breach of contract claim with damages "in excess of $25,000." (Doc. 1-1 ¶ 21.) Plaintiff also alleged alternative claims of promissory estoppel and unjust enrichment, each with damages "in excess of $25,000." (*Id.* ¶¶ 26, 32.)

On September 24, 2026, defendant AS AMERICAN, Inc., ("Defendant") removed this case from the state court pursuant to 28 U.S.C. § 1441(b) based on assertions that the case involves citizens of different states and that the amount in controversy exceeds $75,000.00. In response, Plaintiff

moved to remand, contending that this Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Plaintiff also submitted an affidavit in which he certifies that he "will not be making a claim, pursuing damages, and/or accepting damages in amount in excess of $74,000." (Doc. 4-1 ¶ 8.) He further certifies that this limit on recovery encompasses all forms of damages that he seeks, including punitive damages, interests, attorney's fees, and costs. (*Id.* ¶ 9.)

**<u>DISCUSSION</u>**

A federal court may exercise diversity jurisdiction over a case involving state-law claims "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states [.]" 28 U.S.C. § 1332(a)(1). Typically, the sum claimed by the plaintiff in the initial pleading controls. 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy[.]"). But where a plaintiff seeks "to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must provide evidence that the amount in controversy is "more likely than not" in excess of $75,000. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). The defendant bears the burden of establishing that removal is proper. *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

Because the amount claimed in the initial pleading controls the amount-in-controversy analysis, "events occurring subsequent to removal [that] reduce the amount recoverable[,] whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Welch v. Progressive Ins. Co.*, 2007 WL 1695431, at *2 (E.D. Ky. June 8, 2007) (citing *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938)). However, where, as here, Plaintiff submits an affidavit providing "for the first time the upper limit on the

damage amount" as less than $75,000 and does not "modify the amount in controversy" or "change the information upon which [the defendant] relied in removing [the] action," courts within this circuit routinely hold that remand is required. *Id.* at *3; *see also Patterson v. Chipotle Mexican Grill*, 2012 WL 6733085, at *2 (N.D. Ohio Dec. 28, 2012) (collecting cases). Defendant does not point to any case law to the contrary.[1]

**CONCLUSION**

For all the aforementioned reasons, Plaintiff's Motion to Remand (Doc. 4) is GRANTED. This case is REMANDED to the Court of Common Pleas, Richland County, Ohio.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 11/17/2026

---

[1] Defendant seems to rest its opposition to remand on its belief that this Court should aggregate Plaintiff's three claims for recovery (breach of contract, unjust enrichment, and promissory estoppel) to calculate the amount in controversy. The problem, however, is that Plaintiff's claims are very clearly alleged in the alternative. Under Ohio law, a plaintiff generally cannot recover damages for breach of contract and unjust enrichment and/or promissory estoppel. *See Boulder Healthcare, LLC v. Boulder FG Holdings, LLC*, 2026 WL 2218430, at *6 (N.D. Ohio Mar. 27, 2026) ("[A] plaintiff generally cannot recover for unjust enrichment when the claim's subject matter is covered by an express contract between the parties."); *Krawczyszyn v. Columbian Life Ins. Co.*, 2021 WL 2722514, at * 10 (N.D. Ohio June 30, 2021) ("While a plaintiff may not collect under both a breach of contract and a promissory estoppel claim, alternative pleading is permitted."). Claims that are alternative theories of recovery cannot be aggregated for purposes of calculating the amount in controversy. *Marketing Associates, Inc. v. Fellowes, Inc.*, 2006 WL 721619, at *1 (N.D. Ohio Mar. 21, 2006) (disallowing aggregation of breach of contract and unjust enrichment because applicable state law prohibited unjust enrichment claims when a contract covers the dispute).